UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN (Green Bay)

_____

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                  Case No. 20-CR-00110-WCG

JESSE K. BELL,

    Defendant.
_____

### DEFENDANT'S MOTION TO CONVERT FINAL PRETRIAL CONFERENCE TO STATUS AND REMOVE JURY TRIAL DATE [UNOPPOSED]
_____

Defendant Jesse K. Bell, by attorney Thomas G. Wilmouth, moves to convert the September 11, 2020 final pretrial conference to a status conference and remove the September 28, 2020 jury trial from the Court's calendar. The parties request the Court make a finding under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) that the ends of justice served by taking this action outweigh the best interest of the public and the defendant in a speedy trial, and taking into account the exercise of due diligence, the failure to grant the requested action would deny counsel for the defendant the reasonable time necessary for effective preparation.

As grounds therefore, counsel states as follows:

1

1. On July 14, 2020, the grand jury returned a single count indictment charging Bell with possession of child pornography, contrary to 18 U.S.C. §2252A(a)(5)(B) [R. 1].

2. Bell was released on conditions on July 20, 2020. [R. 4; 9].

3. No pretrial motions were timely filed on Bell's behalf.

4. On August 19, 2020, the Court appointed the undersigned as substitute counsel for Associate Federal Defender (AFD) Krista Halla-Valdes. [R. 11]. The final pretrial and trial dates were ordered to remain on the Court's calendar unless counsel files an appropriate motion to adjourn. *Id.*

5. Since his appointment, course has conferred with AFD Halla-Valdes, Assistant United States Attorney Daniel R. Humble, Sharon M. Kelley, Psy. D. and Bell; reviewed discovery received to date; conducted legal research concerning criminal liability for computer generated images of child pornography; calculated application of the United States Sentencing Guidelines should Bell be convicted of the charged offense; made requests for additional discovery, including search warrant applications and returns in the investigation of the case; made arrangements to view physical evidence on August 3,1 2020; made application to the Court *ex parte* for funding for expert services; and reviewed, requested, and await receipt of documents concerning Bell's criminal history, including a 2006

State of Wisconsin presentence investigation report. While counsel is confident the case will not proceed to trial, counsel is compelled to complete his case investigation to the extent required to provide effective assistance of counsel before and when considering on behalf of Bell a plea agreement with the government. In particular, counsel is required to receive and review the relevant search warrant applications to ensure there is no meritorious pre-trial motion to suppress the key evidence in the case. The major and ultimate component of counsel's case investigation is substantial in-person or videoconference consultation with Bell, after review of all the records counsel is awaiting, to ensure Bell's election on how to proceed in the case is made knowingly, intelligently, and voluntarily.

6. I am authorized to state that Assistant United States Attorney Daniel R. Humble has no objection to this motion.

Dated at Green Bay, Wisconsin on August 28, 2020.

Respectfully submitted,

/s/ Thomas G. Wilmouth
Thomas G. Wilmouth
WI Bar No. 1011746
P.O. Box 787
Green Bay, WI 54305
[715] 525-1685    Telephone
[715] 598-6208    Facsimile

tom.wilmouth@gmail.com