UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 20-CR-110

JESSE K. BELL,

        Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Jesse K. Bell, individually and by attorney Thomas G. Wilmouth, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2.    The defendant has been charged in a single-count indictment, which alleges a violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3.    The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.    The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

**THE GRAND JURY CHARGES THAT:**

1. On or about May 21, 2020, in the State and Eastern District of Wisconsin,

**JESSE K. BELL**

knowingly possessed matter that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a minor who had not attained the age of 12 years, and which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

2. The child pornography possessed by the defendant included files identified by the following file names:

| File Name | Description |
| --- | --- |
| 1458.jpg | A digital image of a pre-pubescent female standing fully naked with the image focused on her body from her knees to her head. Her vagina and breasts are visible. She is holding a red pitch fork and wearing black horns on her head. She is standing in front of a white tile background |
| 0364.jpg | A digital image of a minor female kneeling on a bed. She is fully naked and her buttocks are visible. A male is standing on the bed in front of her and he is naked from the waist down. He appears to be thrusting his body forward towards the female. The female appears to have his penis in her mouth giving him oral sex. The bed has a flower pattern on it and some clothes appear to be placed towards the head of the bed. |
| Gif59.gif | A digital image of a pre-pubescent female lying on a blue sheet. The female is fully naked. Her vagina and breasts are visible. A male is inserting his penis in the vagina of the female with his hands on her waist and stomach. The female has a |

2

| File Name | Description |
|---|---|
| | wristband on her left and right forearm. The wording on the image states finalfetish.tumbler. |

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

5.  The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On April 18, 2020, a detective with the Neenah Police Department received 23 CyberTipline Reports from the National Center for Missing and Exploited Children (herein NCMEC), through the ICAC Data Systems secure website. All 23 CyberTipline Reports were tied to the same suspect by NCMEC. He is identified in the reports as Jesse Bell, with telephone number 920-XXX-X470, email addresses jessekbell88@gmail.com and shadedlight88@gmail.com. The reports were received by NCMEC from Google. Google identified the 745 suspect images as being stored in the Google Photo and the Google Drive infrastructure.

Based on the tips, the detective sought and received a search warrant for the defendant's residence in Neenah, located in the State and Eastern District of Wisconsin. A search of the residence resulted in the seizure of a cell phone that contained a large number of images of child pornography. The vast majority of the images are computer-generated images (CGI) of child pornography. There were a handful of non-CGI images of child pornography on the devices seized from the defendant, including images of children under the age of 12 years-old. Three of those form the basis of the indictment.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

3

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. The count also carries a mandatory special assessment of $100, at least 5 years of supervised release, and a maximum of a lifetime on supervised release. The parties further recognize that a restitution order may be entered by the court. If the court determines that the defendant is non-indigent, the court must impose a $5,000 special assessment for each count of conviction pursuant to 18 U.S.C. 3014(a)(3). This amount cannot be reduced and it applies to offenses committed after the date of May 29, 2015.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of possession of child pornography, the government must prove each of the following propositions beyond a reasonable doubt:

**First**, the defendant knowingly possessed or accessed with intent to view the material identified in the indictment;

**Second**, the material identified in the indictment contained child pornography, a visual depiction involving the use of a minor engaging in sexually explicit conduct;

**Third**, the defendant knew both that the material depicted one or more minors and that the minor[s] were engaged in sexually explicit conduct; and

**Fourth**, the material identified in the indictment has been mailed, shipped or transported in or affecting interstate commerce by any means, including by computer, or produced using

materials that have been shipped or transported in or affecting interstate or foreign commerce by any means, including a computer.

**Further,** the visual depiction involved a minor under 12 years-old.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below

5

the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged is 18 under Sentencing Guidelines Manual § 2G2.2(a)(1).

## Specific Offense Characteristics

16. The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase for material involving a prepubescent minor under Sentencing Guidelines Manual § 2G2.2(b)(2); a 2-level increase for use of a computer under Sentencing Guidelines Manual § 2G2.2(b)(6) are applicable to the offense level for the offense charged and a 4-level increase because the offense involved sadistic or masochistic conduct under Sentencing Guidelines Manual §2G2.2(b)(4).

## Other Adjustments

17. The parties agree to recommend to the sentencing court that no other upward adjustment for any specific offense characteristic under Sentencing Guidelines Manual §2G2.2 and any upward adjustments under Chapter Three through Chapter Five of the Sentencing

6

Guidelines Manual are applicable to the offense level for the offense charged in the Indictment, except as set forth herein.

## Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence of no greater than 48-months imprisonment. The defendant will recommend a sentence of no less than 30-months

imprisonment . The government agrees that the defendant should be released on conditions pending sentencing.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

27. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense is mandatory pursuant to Title 18 U.S.C. §2259(a), the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### Forfeiture

28. The defendant agrees that all properties listed in the indictment were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement. The government

agrees to return to the defendant any electronic devices or other property seized that did not contain child pornography

## **DEFENDANT'S WAIVER OF RIGHTS**

29. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charge against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## MISCELLANEOUS MATTERS

33. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his

school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## **GENERAL MATTERS**

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

36. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

37. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's

12

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

38. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 10/29/20

JESSE K. BELL
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 10/27/20

THOMAS G. WILMOUTH
Attorney for Defendant

For the United States of America:

Date: 10/28/20

MATTHEW D. KRUEGER
United States Attorney

Date: 10/28/20

DANIEL R. HUMBLE
Assistant United States Attorney

14